# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| HEZEKIAH MURDOCK | ) |
| | ) |
| | ) |
| v. | )   Case No. CV412-251 |
| | )                  CR410-159 |
| UNITED STATES OF AMERICA | ) |

# REPORT AND RECOMMENDATION

Once again the Court is presented with a 28 U.S.C. § 2255 motion based upon a defense attorney's alleged failure to file a direct appeal following his client's conviction. And despite this Court's *repeated* direction to the defense bar to use a Court-issued form aimed at preventing such claims,[1] no such form was used here. Hezekiah Murdock

---

[1] *See Young v. United States*, 2012 WL 1970853 at * 1 n. 3 (S.D. Ga. May 7, 2012) (reminding that this issue can be avoided by the simple use of a prepared form that court clerks and even prosecutors should ensure that defense counsel timely receive); *United States v. Smith*, CR412-211, doc. 28 (S.D. Ga. Apr. 16, 2013) (counsel complied, filed a "Notice of Post-Conviction Consultation Certification"); *Baughman v. United States*, 2008 WL 3861991 at *3–6 (S.D. Ga. Aug. 18, 2008) (copy of that form); *see also Guyton v. United States*, 2013 WL 1808761 at * 2 n. 6 (S.D. Ga. Apr. 29, 2013) (similar directive regarding bungled plea offer claims).

Another prophylactic measure to be considered -- a guilty plea agreement provision instructing defense counsel not to file an appeal. *See United States v. Ashby*, 2013 WL 1122650 at * 4 (W.D. Va. Mar. 18, 2013) ("In her Plea Agreement

complains that his lawyer ignored his request to file an appeal, and seeks § 2255 relief on that score. CR410-159 doc. 677.[2]

## I. BACKGROUND

The government prosecuted Murdock on gun and drug charges. Doc. 367. With retained counsel Tom Withers' assistance, he signed a plea agreement in which he pled guilty to the lesser-included offense of conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a), (b)(1)(B)(vii). Docs. 578, 579, & 631. In exchange, the government agreed to dismiss the remaining counts against him and not seek to enhance his sentence under 21 U.S.C. § 851. Doc. 631.

Murdock also waived his right to a direct appeal, as well as his right to collaterally attack his conviction and sentence *"on any ground"* except for conditions not met here. Doc. 631 at 7 (emphasis added). He thus "double-waived" his postconviction appeal rights. The Court found

---

waiver of appeal rights, Ashby 'explicitly and irrevocably' instructed counsel not to file a notice of appeal.").

[2] All record citations are to the criminal docket (CR410-159). Pinpoint citations are to the page number the electronic case filing system assigns automatically to the upper right hand corner of each page.

Murdock's plea to be knowing and voluntary, approved the plea agreement, and accepted Murdock's guilty plea. Doc. 686 at 32-34. It also accepted the Presentence Investigation Report's (PSI's) recommendation and sentenced him to 160 months. Doc. 632 at 2; doc. 687 at 7.

Murdock took no appeal. Withers attests that, after sentencing, he and Murdock "spoke at the courthouse and over the phone about a potential appeal. Specifically, we talked about whether the appeal waiver in his plea agreement prevented him from appealing. I informed him that it did." Doc. 696-1 at 3. Withers "did not see any meritorious issues to appeal," *id.*, and "[a]t no time did Murdock instruct me to file an appeal. No family member of Murdock requested that I file an appeal. I never received any correspondence from Murdock directing me to file an appeal." *Id.* Nor, evidently, did Withers use this Court's prescribed appellate-consultation form. *See supra* n. 1.

Contradicting Withers, Murdock's 28 U.S.C. § 1746 declaration insists: "My family and I tried numerous times after my sentencing to get [Withers] to file my Notice of Appeal which he did not." Doc. 678 at 16. His § 2255 motion presents two claims:

3

1. Withers provided him with ineffective assistance of counsel[3] when he failed to consult with Murdock about his appeal options, then failed to file a direct appeal despite Murdock's requests to do so. Doc. 677 at 4; doc. 678 at 2, 7-10, 15; doc. 697 at 4-5.

2. The government breached its plea agreement by advocating, at sentencing, the PSI's recommendation that his sentence be increased based on relevant other conduct. That is, the government breached the plea agreement by advocating the PSI's position on relevant conduct, and this contradicted a factual stipulation in his plea agreement that he agreed to plead guilty to conspiracy to possess with intent to distribute and to distribute "100 kilograms" of marijuana, not "100 kilograms or more" of marijuana. Doc. 677 at 5; doc. 678 at 9, 12-15; doc. 697 at 2-3.

## II. ANALYSIS

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court drew two lines applicable here. The first arises where a lawyer disregards his client's instruction to file an appeal. In that case the

---

[3] In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

lawyer's performance is *per se* deficient. *Id.* at 476-78; *Gomez–Diaz v. United States*, 433 F.3d 788, 792-93 (11th Cir. 2005). And the movant

> need not demonstrate that he would have been able to raise a meritorious issue on appeal. *Id.* at 483–86, 120 S. Ct. 1029. Instead, if [he] demonstrates by a preponderance of the evidence that he ordered counsel to file an appeal, prejudice will be presumed, and the petitioner will be able to file an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). The defendant need only show "that there is a reasonable probability that, but for counsel's failure, he would have timely appealed." *Id.* at 265.

*United States v. Higgins*, 459 F. App'x 412, 413 (5th Cir. 2012); *see also Gomez–Diaz*, 433 F.3d at 792-93; *see generally* 1A WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 180 n. 67.1 (2013) (collecting cases).

The second line arises where the defendant does not formally request an appeal. In that case counsel has a constitutionally imposed duty to consult with him about an appeal *when* there is reason to think that a rational defendant would want one (for example, because there are nonfrivolous grounds for appeal), *or* if the client reasonably demonstrated an interest in appealing, regardless of whether a rational

defendant would wish to appeal. *Flores-Ortega*, 528 U.S. at 480; *Gomez-Diaz*, 433 F.3d at 792.[4]

Emphasizing the fact that *Gomez-Diaz* involved only a direct appeal waiver, and not also (as is the case here) a collateral-appeal waiver, the government insists Murdock waived his "duty to file" (if not his "duty-to-consult" under *Flores-Ortega*), IAC claim against Withers. Doc. 695 at 12, 15. It cites cases like *United States v. Benitez-Zapata*, 131 F.3d 1444 (11th Cir. 1997), which upheld a double waiver, *id.* at 1446-47, though that pre-*Flores-Ortega* case did not involve a lost appeal.[5] Here, for that matter, is Murdock's double waiver:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, *on any ground*, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum;

---

[4] "In determining whether a rational defendant would want to appeal or whether the defendant reasonably demonstrated an interest in appealing, a court must consider all the relevant factors, including whether the conviction followed a trial or a guilty plea, whether the defendant received the sentence bargained for as part of a plea, and whether the plea expressly reserved or waived some or all appeal rights." *Padlin v. United States*, 2013 WL 1665465 at * 2 (2nd Cir. Apr. 18, 2013) (citing *Flores-Ortega*, 528 U.S. at 480).

[5] The Eleventh Circuit, by the way, has routinely upheld single-waiver cases. *See, e.g., United States v. Magana–Herrera*, 2012 WL 95229 at *1 (11th Cir. Mar. 21, 2012) (applying direct appeal waiver to dismiss grounds of appeal not excepted from the waiver).

and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 695 at 12 (quoting doc. 631 at 7) (emphasis added).

It is undisputed that Murdock's sentence does not exceed the statutory maximum or fall outside the advisory sentencing guideline range as found by the sentencing court. And Murdock does not dispute the government's showing, as is supported by the record, that he understood the rights he was waiving. Doc. 695 at 13-15 (government's showing, including transcript quotes); doc. 697 (Murdock's response brief). Indeed, he does not challenge the validity of his plea at all. Docs. 677, 678 & 697. Nor does he claim that Withers' failure to obey his alleged appeal request had anything to do with the voluntariness of his plea (as the government points out, doc. 695 at 17, the plea acceptance and final judgment were months apart, see docs. 632 & 682).

That sets him up for waiver of even his *Flores-Ortega*-based IAC claim, per the reasoning set forth in *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005). *Williams* enforced a double waiver to deny a § 2255 movant's claim against his lawyer for ineffective assistance during the sentencing phase of his case. *Id.* at 1341-42. It did not have a *Flores-*

7

*Ortega* IAC claim before it, but its reasoning and result fit here. The same must be said for *United States v. Bascomb*, 451 F.3d 1292 (11th Cir. 2006), upon which the government also relies. The logic of those cases inescapably applies here: If one has waived one's right to appeal, then counsel cannot be deficient for failing to facilitate it. And even if somehow that failure was deficient, the right to complain about *that* has been waived, too.

Those cases, in turn, mesh with cases from other circuits upholding double waivers against IAC claims based on *Flores-Ortega*, as cited by the government (doc. 695 at 18) and as collected here:

> "We are satisfied that the plea agreement waived [defendant's] ineffective assistance claim because counsel's alleged failure to file an appeal does not undermine the validity of the plea or the waiver." *U.S. v. Viera*, 674 F.3d 1214, 1218-19 (10th Cir. 2012). While recognizing that most courts of appeals have ruled otherwise, the Seventh Circuit has held that as long as the appeal waiver itself is valid, the Sixth Amendment does not require defense counsel to file an appeal on the request of his client. *Nunez v. U.S.*, 546 F.3d 450 (7th Cir. 2008). The Seventh Circuit acknowledged that "[t]here may well be practical benefits" to the rule adopted by the other circuits, but concluded that the defendant who had waived his appeal rights could show neither deficient performance nor prejudice as required for an ineffective assistance of counsel claim. 546 F.3d at 454-56. The Third Circuit has ruled that a waiver bars an ineffective assistance of counsel claim regardless whether defense counsel had a duty to file a requested appeal. "While a defendant may be entitled to habeas relief if his attorney ineffectively fails to file a requested appeal because it is presumed

to be prejudicial under [*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000)], if that same defendant has effectively waived his right to habeas, he cannot even bring such a claim unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice." The court accordingly disagreed with the majority of circuit courts that have ruled otherwise. *U.S. v. Mabry*, 536 F.3d 231, 241 (3d Cir. 2008), *cert. denied*, 129 S. Ct. 2789, 174 L. Ed. 2d 290 (2009).

1A Wright & Miller: Federal Prac. & Proc. § 180 n. 67.1; *see also United States v. Lechuga*, 2013 WL 2466552 at * 2 (10th Cir. June 10, 2013) (IAC claim based on counsel's failure to file requested appeal was barred by collateral attack waiver, since the claim did not relate to the validity of the plea or the waiver); *United States v. Falcon–Sanchez*, 416 F. App'x 728, 730-31 (10th Cir. 2011) (same); *but see Higgins*, 459 F. App'x at 413 ("[T]he rule of *Flores-Ortega* applies even in cases where a defendant has waived his right to direct appeal and collateral review.").

The government prevails here. *Flores-Ortega* never addressed whether the presumed prejudice from an attorney's mishandling an appeal "has any force, let alone controls, where the defendant has waived his right to appellate and collateral review." *Mabry*, 536 F.3d at 240. Some courts nevertheless have approached the issue "as if *Flores-Ortega* did indeed decide it." *Id.* But as the *Mabry* court points out, it didn't.

9

Furthermore, the Eleventh Circuit double-waiver cases support *Mabry*'s result -- enforcing the double waiver, even against a *Flores-Ortega* IAC claim. *See also United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) (a waiver of the right to pursue an appeal or collateral attack "includes a waiver of the right to appeal [or collaterally attack] blatant error"), *applied in Marshall v. United States*, 2013 WL 772855 at * 2 (S.D. Ga. Feb. 28, 2013) (*Flores-Ortega*-based IAC claim barred by double-waiver); *Jones v. United States*, 2011 WL 6327519 at * 2-3 (S.D. Ga. Dec. 16, 2011) (same); *Jones v. United States*, 2011 WL 5554027 at * 5-6 (S.D. Ga. Oct. 21, 2011) (same).

Cases ruling to the contrary focus "not on the waiver but on the importance of the right the appeal." *Mabry*, 536 F.3d at 233. Yet, there is nothing in *Flores-Ortega* to suggest that one should trump the other. And "[w]hile it may appear unjust to allow criminal defendants to bargain away meritorious appeals," said the Eleventh Circuit, "such is the necessary consequence of a system in which the right to appeal may be freely traded." *Howle*, 166 F.3d at 1169.[6]

---

[6] The government says that on this issue there is a "split of authority" within this Court. Doc. 695 at 23. There is no split. The following cases held that *Flores-Ortega*

Murdock's § 2255 motion should therefore be **DENIED** because his IAC and "breached plea bargain" claims are barred by his double waiver. But like *Marshall*, this Court finds the issue debatable among jurists of reason, *Marshall*, 2013 WL 772855 at * 1 n. 3 (collecting cases from this Court holding to the contrary). In fact, the issue is now before the Eleventh Circuit. *Id.* at * 1. Hence, if Murdock appeals he would be

---

claims (hence, IAC claims premised on counsel's failure to file an appeal despite a request that he do so) survived a *limited* collateral waiver, where the waiver was limited to "the right to collaterally attack *the sentence* in any post-conviction proceeding." *Roberson v. United States*, 2011 WL 6032962 at * 3 (S.D. Ga. Nov. 30, 2011) (emphasis added) (granting new appeal for *Flores-Ortega* violation because the plea "agreement forbids Roberson from collaterally attacking the sentence. Roberson is not attacking his sentence with his § 2255 motion; he is asserting his right to constitutionally sufficient assistance of counsel post-sentencing."); *accord Gourdine v. United States*, 2012 WL 208969 (S.D. Ga. Jan. 24, 2012) same result on same limited waiver provision); *Simmons v. United States*, 2012 WL 1499469 (S.D. Ga. Apr. 23, 2012) (same).

Those cases did not involve the "on any ground" (hence, full) collateral waiver in play here, only partial (sentencing) waivers. In contrast, full collateral waivers were held to encompass (hence, waive) *Flores-Ortega* errors in *Marshall*, 2013 WL 772855 at * 2; *Moss v. United States*, 2012 WL 1850867 at * 7 (S.D. Ga. Mar. 27, 2012); *Johnson v. United States*, 2012 WL 6977878 at * 6-7 (S.D. Ga. June 29, 2012); and *Jones v. United States*, 2011 WL 6327519 (S.D.Ga. Dec. 16, 2011), *appeal pending*, doc. 25.

There is one "rump" case not cited by the government, however. In *Williams v. United States*, 2012 WL 2339525 (S.D. Ga. June 19, 2012), the government conceded that Williams was entitled to a hearing on his *Flores-Ortega* claim, but he abandoned it at that hearing. *Id.* at * 2. Subsequently the Court denied relief, ruling: "The record conclusively establishes that Williams knowingly and voluntarily waived both his right to a direct appeal and his right to collaterally attack his sentence "on any ground." *Id.*

entitled to a certificate of appealability and, if he is indigent, leave to appeal *in forma pauperis*.

**SO REPORTED AND RECOMMENDED**, this 24th day of June, 2013.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA