# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| HEZEKIAH MURDOCK | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CV412-251 |
| | ) | CR410-159 |
| UNITED STATES OF AMERICA | ) | |

## ORDER

This is yet another 28 U.S.C. § 2255 motion based upon a defense attorney's alleged failure to file a direct appeal following his client's conviction. And despite this Court's *repeated* direction to the defense bar to use a Court-issued form aimed at forestalling such claims,[1] no such form was used here. Hezekiah Murdock complains that his lawyer

---

[1] *See Young v. United States*, 2012 WL 1970853 at * 1 n. 3 (S.D. Ga. May 7, 2012) (reminding that this issue can be avoided by the simple use of a prepared form that court clerks and even prosecutors should ensure that defense counsel timely receive); *United States v. Smith*, CR412-211, doc. 28 (S.D. Ga. Apr. 16, 2013) (counsel complied, filed a "Notice of Post-Conviction Consultation Certification"); *Baughman v. United States*, 2008 WL 3861991 at *3–6 (S.D. Ga. Aug. 18, 2008) (copy of that form); *see also Guyton v. United States*, 2013 WL 1808761 at * 2 n. 6 (S.D. Ga. Apr. 29, 2013) (similar directive regarding bungled plea offer claims).

Another prophylactic measure to be considered -- a guilty plea agreement provision instructing defense counsel not to file an appeal. *See United States v. Ashby*, 2013 WL 1122650 at * 4 (W.D. Va. Mar. 18, 2013) ("In her Plea Agreement waiver of appeal rights, Ashby 'explicitly and irrevocably' instructed counsel not to file a notice of appeal.").

ignored his request to file an appeal, and he seeks § 2255 relief on that score. CR410-159 doc. 677.[2]

This Court denied relief because Murdock waived his direct and appeal rights. Doc. 712 at 11-12, *reported at* 2013 WL 3761124, *adopted*, doc. 721, *COA granted*, doc. 743, *reported at* 2013 WL 7854283. Murdock appealed that ruling, doc. 740, but on appeal the Government reversed its position on appeal waivers. Hence, the Eleventh Circuit vacated that ruling and remanded this case for "an evidentiary hearing on [movant's] ineffective-assistance-of-counsel claim." *Murdock v. United States*, 2015 WL 127365 (11th Cir. Jan. 9, 2015). Upon receipt of the Eleventh Circuit's mandate, the Deputy Clerk shall appoint new counsel and schedule that hearing.[3]

---

[2] All record citations are to the criminal docket (CR410-159). Pinpoint citations are to the page number the electronic case filing system assigns automatically to the upper right hand corner of each page.

[3] Note that while his appeal was pending, Murdock filed a second § 2255 motion that was denied under the same "double waiver" doctrine. Doc. 763 (§ 2255 motion), doc. 765 (Report and Recommendation advising that it be denied), *adopted*, docs. 767 & 768, *COA denied,* doc. 774 (11th Cir. July 23, 2014). In that Murdock pursued no further appeal of *that* § 2255 motion, those claims are now "foreclosed by the law-of-the-case doctrine." *Insignares v. Sec'ty, Fla. Dept. of Corrs.*, 755 F.3d 1273, 1281 n. 9 (11th Cir. 2014); *see also In re: CARY MICHAEL LAMBRIX*, ___ F.3d ___, No. 14-15617 (11th Cir. Jan. 14, 2015) (successive habeas petition foreclosed by, *inter alia*, "the law-of-the-case doctrine"); *United States v. Baxter*, 566 F. App'x 830, 832 (11th

**SO ORDERED** this 22nd day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Cir. 2014) ("Under the law-of-the-case doctrine, our prior holdings are generally binding in subsequent proceedings in the same case.").